IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN ROTARU,
RAISA ROTARU,                       No. CIV S-10-3036 WBS EFB PS

        Plaintiffs,

   vs.

PNC MORTGAGE; CAL-WESTERN          ORDER AND
RECONVEYANCE; NATIONAL             ORDER TO SHOW CAUSE
CITY MORTGAGE,

        Defendants.
_____/

    This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On November 10, 2010, defendant PNC Bank, National Association, as successor by merger to National City Bank, previously dba National City Mortgage (named as "PNC Mortgage" and "National City Mortgage") ("PNC") removed this action from Sacramento County Superior Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, on the ground that plaintiffs' complaint alleges federal claims. Dckt. No. 1. Then, on November 17, 2010, PNC moved to dismiss and to strike plaintiff's complaint. Dckt. Nos. 12, 13. The motions were noticed to be heard on December 29, 2010. *Id.*

////

Court records reflect that plaintiffs have filed neither an opposition nor a statement of non-opposition to defendants' motions. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by December 15, 2010. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motions to dismiss and to strike, Dckt. Nos. 12 and 13, is continued to February 16, 2011.

2. Plaintiffs shall show cause, in writing, no later than February 2, 2011, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

3. Plaintiffs shall file an opposition to the motions, or a statement of non-opposition thereto, no later than February 2, 2011.

4. Failure of plaintiffs to file an opposition will be deemed a statement of non-opposition to the pending motions, and may result in a recommendation that this action be dismissed for

1 | lack of prosecution.  *See* Fed. R. Civ. P. 41(b).
2 |     5.  Defendants may file a reply to plaintiffs' opposition(s), if any, on or before February
3 | 9, 2011.
4 |     SO ORDERED.
5 | DATED:  December 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE